USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/31/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*
--------------------------------------------------------------------------------x

14-MD-2543 (JMF)

ORDER OF DISMISSAL

JESSE M. FURMAN, United States District Judge:

On October 10, 2017, the Court granted the request of Steve W. Berman and Elizabeth J. Cabraser to withdraw as counsel for Plaintiffs Dion Jones, Carmel Justis, and Tajah Liddy (the "Unrepresented Plaintiffs") and ordered the Unrepresented Plaintiffs to either retain new counsel or move for permission to become Electronic Case Filing ("ECF") users by November 13, 2017. (Docket No. 4696).  The Unrepresented Plaintiffs failed to do so and on December 1, 2017, New GM moved to dismiss the Unrepresented Plaintiffs' claims with prejudice.  (Docket No. 4851). The Unrepresented Plaintiffs have not submitted any opposition to New GM's motion, which was due by January 15, 2018.  (Docket No. 4858).

It is true that the Unrepresented Plaintiffs are currently proceeding *pro se*.  That fact, however, cannot overcome their failure to participate in this action or disregard for the Court's orders. "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal [with prejudice] of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (citing cases) (internal quotation marks and citation omitted).  More than enough warning has been given to the Unrepresented Plaintiffs that their claims could be dismissed without further notice if they failed to retain new counsel or move for permission to become ECF users.  (*See* Docket Nos. 4696, 4858).  Because dismissal is

"one of the harshest sanctions at a trial court's disposal," however, for now dismissal *without* prejudice is the more appropriate sanction. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). Accordingly, the Unrepresented Plaintiffs' claims are DISMISSED without prejudice. Should Unrepresented Plaintiffs fail to move to reopen their cases within **forty-five days** of the date of this Order, New GM may again move to dismiss their claims with prejudice; any opposition to such a motion would be due within twenty-one days; any reply would be due within seven days of any opposition.

The Clerk of Court is directed to terminate 14-MD-2543, Docket No. 4851, and to mail to the Unrepresented Plaintiffs a copy of this Order, as well as a copy of this Court's Individual Rules and Practices in Civil *Pro Se* Cases, available at http://nysd.uscourts.gov/judge/Furman, at the following addresses:

> Dion Jones
> 4520 Jenewein Road
> Fitchburg, WI 53711
>
> Carmel Justis
> P.O. Box 403
> Atlantic, VA 23303
>
> Tajah Liddy
> 2817 Stonecreek Place
> Round Rock, TX 78681

SO ORDERED.

Dated: January 30, 2018
      New York, New York

JESSE M. FURMAN
United States District Judge