UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/03/2018

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's Motion for Summary Judgment with Respect to
Plaintiffs' Claims for Benefit-of-the-Bargain Damages]**

In this multidistrict litigation, familiarity with which is presumed, Plaintiffs seek recovery from General Motors LLC ("New GM") on behalf of a broad putative class of General Motors car owners and lessors whose vehicles were subject to recalls for certain defects. They allege that they were harmed by, among other things, a drop in their vehicles' value due to the defects. Thus far, the Court has entertained two partial motions to dismiss, addressing — in lengthy opinions — the legal validity of Plaintiffs' claims under federal law and the laws of fifteen states and the District of Columbia. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 2839154 (S.D.N.Y. June 30, 2017), *as amended on reconsideration by* No. 14-MD-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); *In re: Gen. Motors LLC Ignition Switch Litig.* ("*TACC MTD Op.*"), No. 14-MD-2543 (JMF), 2016 WL 3920353 (S.D.N.Y. July 15, 2016). To the extent relevant here, the Court largely upheld Plaintiffs' theory of damages known as the "benefit-of-the-bargain defect theory." That theory provides that "Plaintiffs who purchased defective cars were injured when they purchased for *x* dollars a New GM car that contained a latent defect; had they known about the defect, they would have paid

fewer than *x* dollars for the car (or not bought the car at all), because a car with a safety defect is worth less than a car without a safety defect." *TACC MTD Op.*, 2016 WL 3920353, at *7.

Notwithstanding the Court's opinions, not to mention the fact that discovery is still ongoing, New GM requested leave a few months ago to file a motion seeking summary judgment with respect to Plaintiffs' claims for benefit-of-the-bargain damages under the laws of the sixteen jurisdictions subject to the prior motions to dismiss. (Docket No. 4338, at 1). Lead Counsel did not oppose the request, but expressed some skepticism about the "basis" for a motion given the Court's rulings on New GM's motions to dismiss. (Aug. 11, 2017 Status Conf. Tr. ("Tr.") 14, available at http://gmignitionmdl.com/court-documents/transcripts; *see also* Docket No. 4337, at 1 & n.1). At a status conference, the Court expressed some misgivings of its own about New GM's proposal. (*See* Tr. 9-10). Specifically, the Court cited its aversion to "piecemeal motion practice" and raised the question of whether a summary judgment motion would be premature given the Court's prior rulings on the benefit-of-the-bargain theory and the fact that discovery was not yet complete. (*See id.*). Ultimately, based on New GM's view that a ruling on its proposed motion "would materially advance the litigation and inform the Court's later decisions on motion practice regarding class certification and summary judgment," (Docket No. 4338, at 1), the Court put aside those misgivings and granted New GM leave to proceed. (Tr. 14; *see also* Docket No. 4499, ¶ 3). New GM's motion is now fully briefed.

Upon review of the parties' motion papers, the Court — regrettably — concludes that its initial misgivings were well founded and that New GM's motion is premature. The crux of New GM's argument is that Plaintiffs did, in fact, receive the benefit of their bargain because New GM "recalled their vehicles, fixed (or offered to fix) each vehicle free of charge to each plaintiff, and incurred . . . [costs] for the repairs." (Docket No. 4681 ("New GM's Br."), at 1). Plaintiffs

2

counter that all of the states at issue "calculate bargain-of-the-benefit [*sic*] damages as of the time of the sale" and, therefore, that "damages calculations would *not* be affected by any repairs." (Docket No. 4805 ("Pls' Br."), at 1). In the alternative, Plaintiffs contend that there are genuine disputes of material fact with respect to whether New GM's recall repairs "actually fix the defects at issue." (*Id.* at 53). On that front, each side offers the opinions of experts. (*Compare, e.g.*, Docket No. 4682, ¶ 30, *with* Docket No. 4806, ¶ 38). Additionally, each side contends that the other's experts' testimony may be inadmissible and signals the likelihood of *Daubert* motions to come. (*See* Docket No. 4807, ¶ 30 ("No expert has been qualified or offered to testify about these opinions, and the foundation required under Rule 702 has not been established."); Docket No. 4868, at 27 (arguing that Plaintiffs' expert reports are "unsupported and inadmissible" and "will be subject to *Daubert* briefing at the appropriate time")).

The Court has not exhausted its research on the question of whether and to what extent evidence of post-sale mitigation would affect the availability or calculation of damages in the sixteen jurisdictions at issue. But it has done enough research to conclude that many, if not most (or even all), states would factor such evidence into the analysis. Judge Chen's decision in *In re Myford Touch Consumer Litigation*, No. 13-CV-3072 (EMC), 2016 WL 7734558 (N.D. Cal. Sept. 14, 2016), is instructive. In that case, Ford contested the plaintiffs' motion to certify a class of purchasers of Ford vehicles with a defective computer system. *See id.* Plaintiffs argued that, under California law, damages need not "account for benefits received after purchase" — in that case, repairs that Ford had made to the computer system. *Id.* at *18. Judge Chen disagreed, concluding that "Plaintiffs are incorrect in arguing their damages cannot be reduced by post-purchase mitigation." *Id.* at *19 (citing *Clayworth v. Pfizer, Inc.*, 233 P.3d 1066, 1087 (Cal. 2010); Restatement (Second) of Contracts § 350). The Court then examined the plaintiffs'

3

"evidence that Ford did not meaningfully fix the [computer system]," ultimately concluding that whether the fix was successful was "a factual dispute, going to the merits of the case." *Id.*; *see also Liles v. Pentecost*, 105 So. 198, 198-99 (Ala. 1925) (holding that, while the "general rule as to measure of damages in [fraudulent misrepresentation cases] is the difference between the actual value of the property at the time of the sale . . . and its represented value," that rule does not apply where, "because of peculiar circumstances of the case involved, such difference fails to measure accurately the loss sustained").

In light of the foregoing, the Court surmises (though, to be clear, does not yet hold) that the viability of Plaintiffs' claims for benefit-of-the-bargain damages is likely to turn on the question of whether New GM actually fixed the recalls at issue in its many recalls. That, in turn, would require a determination of whether each side's expert testimony is admissible — an issue that the parties address barely, if at all, and as to which they plan to file motions in the future. It is for those reasons that the Court concludes New GM's motion is premature. That is, the Court concludes that it would be more efficient and sensible to defer resolution of the issues raised in New GM's current motion until the Court has the opportunity, on a full record, to determine the admissibility of each sides' experts. *See, e.g.*, *Celebrity Cruises Inc. v. Essef Corp.*, No. 96-CV-3135 (JCF), 2005 WL 3527142, at *5 (S.D.N.Y. Dec. 23, 2005) ("It will be far more efficient to determine whether [the plaintiff] has sufficient evidence to support its damage claims after it has been established what evidence is admissible. Therefore, [the defendant]'s motion is denied with leave to renew following a decision on the *Daubert* motions."); *Allstate Ins. Co. v. Heil*, No. 07-CV-0097 (JMS), 2007 WL 4270355, at *2 n.2 (D. Haw. Dec. 6, 2007) ("Because the parties have not briefed the Rule 702 issue in anything more than a cursory way as part of their summary judgment arguments, the court declines to resolve the expert admissibility issues on the

4

record before it."). Accordingly, New GM's motion for summary judgment as to Plaintiffs' claims for benefit-of-the-bargain damages is DENIED without prejudice.[1] Counsel should confer on whether and how the motion should be renewed and be prepared to address that question at a future status conference.

The Clerk of Court is directed to terminate Docket No. 4679.

SO ORDERED.

Date: April 3, 2018
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] The Court recognizes, as New GM argues, that Plaintiffs do not dispute that New GM's recall "cured" the "Power Steering Defect." (*See* Pls' Br. 53-54). In the interest of avoiding piecemeal resolution of New GM's motion, the Court will also defer resolution of this argument until it addresses Plaintiffs' arguments concerning all of the recalls.