```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:
                                                                           14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                                           MEMORANDUM OPINION AND
This Document Relates To All Actions                                                ORDER
------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

Langdon & Emison, LLC ("L&E") represents a large group of people asserting claims related to the allegedly defective ignition switches at issue in this multi-district litigation ("MDL"). Although some L&E clients are plaintiffs in the MDL, others have opted to pursue their claims in state courts or outside of court altogether. L&E entered into two aggregate settlement agreements with New GM that, if executed, would resolve the claims of some, but not all, of L&E's clients. L&E then moved this Court for a declaration that, to the extent that the agreements settled claims not asserted in the MDL, they would not be subject to the "common benefit" fee described in MDL Order No. 42, which established a "common benefit fund." *See* ECF No. 7204 (the "First Motion"). The Court denied the motion on the ground that the settlement agreements were "to be paid out of trusts approved by this Court (at L&E's request) and administered by a Special Master who was appointed by this Court (also at L&E's request)." ECF No. 7377 (the "Order"), at 6. The aggregate settlement agreements were fully executed, and, on January 20, 2020, L&E filed a motion for certification of the Court's Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to enter final judgment under Rule 58. *See* ECF No. 7683 ("L&E Mem.").[1] Lead Counsel opposes the motion. *See* ECF No. 7709.

---

[1] On February 6, 2020, L&E filed a notice of appeal from the Order. *See* ECF No. 7712. The Court concludes, substantially for the reasons stated in the parties' letters, *see* ECF Nos.

Rule 54(b) provides that, in a multi-party or multi-claim action, a district court may direct entry of final judgment as to some, but not all, claims or parties if "there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification is appropriate "only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenka AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal quotation marks, citations, and alterations omitted). Significantly, "if the same or closely related issues remain to be litigated," certification generally is not appropriate. *Id.*

Applying those standards here, the Court concludes that certification and entry of final judgment is not yet warranted. L&E has filed another motion, still pending, seeking a declaration that any settlement or judgment of claims asserted by other clients, who have not availed themselves of Court-approved trusts administered by a Court-appointed Special Master, are not subject to a common benefit assessment under Order No. 42. *See* ECF No. 7398 (the "Pending Motion"). In resolving the Pending Motion, the Court is likely to confront issues that were fully briefed in connection with the First Motion, but not resolved in the Order — for instance, whether the Court has jurisdiction to order assessments of settlements and judgments for claims litigated *entirely* outside of federal court and, if so, whether the terms of Order No. 42 apply. Although the Court found it unnecessary to answer those questions in resolving the First Motion, an affirmative answer to both would provide an independent and adequate basis on which to impose a common benefit assessment on the settlements at issue in the First Motion. Certifying the Order as a final judgment before the Court resolves the Pending Motion would

---

7715, 7718, that the notice of appeal does not moot the present motion. The Court intimates no view on whether the Order is final and therefore appealable.

therefore undermine, rather than promote, the interest in judicial efficiency.  *See Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam) ("Judicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package.  Such a course is particularly desirable where . . . several questions involved in [the] appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.").

Moreover, neither L&E nor its clients will suffer hardship sufficient to overcome the interest in judicial economy.  *See In re Vivendi Universal, S.A. Sec. Litig.*, No. 02-CV-5571 (RJH), 2012 WL 362028, at *3-4 (S.D.N.Y. Feb. 6, 2012) (considering whether moving parties will suffer hardship or injustice "of such a character as to 'offset' the Court's efficiency conclusion").  As L&E concedes, virtually all of their clients' gross recovery will be paid, with only a small percentage being held in escrow pending final resolution of L&E's motions.  *See* ECF No. 7737, at 5-6.  L&E fails to show that withholding such a small percentage will cause hardship or injustice of a magnitude that requires immediate certification.

The Court has considered L&E's remaining arguments and finds them to be without merit.  Accordingly, L&E's motion is DENIED, without prejudice to renewal after resolution of the Pending Motion.

SO ORDERED.

Dated: February 19, 2020
      New York, New York

                                    JESSE M. FURMAN
                                  United States District Judge