UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------

| | |
|---|---|
| IN RE: | 14-MD-2543 (JMF) |
| GENERAL MOTORS LLC IGNITION SWITCH LITIGATION | 14-MC-2543 (JMF) |
| | [PROPOSED] ORDER NO. 169 |
| *This Document Relates to All Actions* | |

-----------------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

**[Regarding Future Access to MDL Document Production]**

For good cause shown, the Court adopts the following procedures for all remaining and future personal injury/wrongful death ("PIWD") Plaintiffs to access MDL 2543 document productions, depositions and exhibits, and Common Benefit Work Product:

1.  This Order supersedes Lead Counsel's document production maintenance requirements laid out in MDL Order No. 12 ¶ II (Dkt. 296 at 2) as well as any other requirements on the part of Lead Counsel to maintain a single electronic document depository for discovery exchanged in this MDL.[1]

2.  Upon written request to Lead Counsel's Office, counsel for MDL 2543 or Coordinated Action PIWD Plaintiffs who have signed the governing Protective Order (Dkt. 294) in this case shall be granted the following:

---

[1] As General Motors LLC ("New GM") previously notified the Court, it transitioned its document productions from the MDL 2543 Document Depository described in Order No. 12, ShareVault, to one hosted by Epiq. Dkt. 6512 at 1-2. Relatedly, on January 31, 2019, New GM informed Lead Counsel it would be removing all New GM productions older than 30 days from the MDL 2453 Document Depository, and would continue to do so for future rolling productions.

      a.      Access to a hard-drive (hereafter the "MDL Document Production Hard-Drive") containing all documents produced by Defendant New GM and other third parties from whom Lead Counsel has requested and obtained documents in connection with this MDL (e.g., Delphi, Virginia Tech Transportation Institute, Continental Automotive Systems, and ESIS);

      b.      Access to deposition transcripts, including their corresponding confidentiality designations, and exhibits procured during the course of this MDL; and

      c.      Access to general liability-related memoranda and other Common Benefit Work Product generated by Lead Counsel and the Executive Committee throughout the course of this litigation.

3.      Any request to Lead Counsel's Office shall be made through the office of Co-Lead Counsel with Primary Responsibility for Personal Injury/Wrongful Death Plaintiffs, Robert C. Hilliard, and specifically via email to his associate Lauren Akers (lakers@hmglawfirm.com).

4.      Within five (5) days of any qualifying Plaintiffs' counsel's request for document productions that are contained on the MDL Document Production Hard-Drive, Co-Lead Counsel's Office shall coordinate with the requesting Plaintiffs' counsel to (i) create a copy of the MDL Document Production Hard-Drive for mailing to the requesting Plaintiffs' counsel's office, and (ii) send the copied MDL Document Production Hard-Drive to the requesting Plaintiff's counsel's office via certified U.S. Mail or other national courier so long as a tracking number may be obtained in connection with the transit service.[2]

---

[2] To the extent any Plaintiffs requesting an MDL Document Production Hard-Drive are not already included on the Master List of all Plaintiffs and Participating Counsel in Common Benefit Actions provided to New GM's counsel by Plaintiffs' Federal/State Liaison Counsel on March 19, 2016 and updated in part on April 15, 2019, Lead Counsel

5.  For requested MDL deposition transcripts, exhibits, and MDL Common Benefit Work Product, within five (5) days of any qualifying Plaintiffs' counsel's request, Co-Lead Counsel's Office shall provide the qualifying Plaintiffs' counsel access to the requested materials electronically, i.e., via email or online document hosting service.

6.  All costs associated with (i) creating and maintaining the MDL Document Production Hard-Drive; (ii) creating a copy of the MDL Document Production Hard-Drive for mailing to the requesting Plaintiffs' counsel; and (iii) mailing the copy of the MDL Document Production Hard-Drive to the requesting counsel shall be deemed "Shared Costs" as that term is defined in Order No. 13 (Dkt. 304 at 12) and shall be paid by the Common Benefit "Shared Cost" Fund as that term is used in Order No. 13 (Dkt. 304 at 2).

7.  Many of the documents and materials to be made available via these procedures are subject to confidentiality restrictions under Order No. 10 (Dkt. 294) (hereafter the "Confidential Material"). Many of the documents and materials to be made available contain attorney work product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules or Civil Procedure or the Federal Rules of Evidence (hereafter the "Work Product Material"). The requesting counsel shall not release or otherwise disclose any of the Work Product Material unless specific authorization is granted by Co-Lead Counsel's Office. The requesting counsel shall comply with all requirements of Order No. 10 (Dkt. 294) with respect to any documents marked "confidential" or "highly confidential" as those terms are defined in that Order.

8.  With respect to the Confidential Material and Work Product Material (collectively the "Protected Material"), requesting Plaintiffs' counsel are not authorized to waive any applicable

---

shall so inform Plaintiffs' Federal/State Liaison Counsel and New GM, and Plaintiffs' Federal/State Liaison Counsel shall provide New GM with an updated Master List in accordance with Order No. 42 ¶ 40 (Dkt. 743 at 16).

privilege or work product protection on behalf of Lead Counsel or the Executive Committee. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if members of Lead Counsel or the Executive Committee took reasonable precautions to avoid such inadvertent disclosure and promptly request its return.

9. Should any party come into possession of any document or materials that may be inadvertently disclosed Protected Material, such party shall promptly notify Co-Lead Counsel's Office via email (lakers@hmglawfirm.com).

10. The exchange of any new document productions by either New GM or remaining/future PIWD Plaintiffs after the date of this Order shall take place directly between New GM and that Plaintiff's counsel, relieving Federal/State Liaison Counsel of the obligation to provide further document productions to the remaining/future PIWD Plaintiffs after the date of this Order. New GM will notify Co-Lead Counsel and Federal/State Liaison Counsel of the transmittal of new document productions and identify the case name and counsel of record for the Plaintiff(s) receiving the new document productions by copying Co-Lead Counsel and Federal/State Liaison Counsel on any such document transmittals.

SO ORDERED.

Dated: May 26, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

The Clerk of Court is directed to terminate ECF No. 7956.