UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Cases*
------------------------------------------------------------------------------x

14-MD-2543
14-MC-2543

ORDER NO. 173

JESSE M. FURMAN, United States District Judge:

**[Regarding Motions to Dismiss for Failure to Comply with Discovery Obligations]**

On March 4, 2020, the Court issued an order establishing procedures for the adjudication of personal injury claims brought by plaintiffs meeting certain criteria (the "Wave Four" Plaintiffs). *See* ECF No. 7789 ("Order No. 167"). The Court had previously established similar procedures for three earlier "waves" of personal injury plaintiffs. *See* ECF No. 5074 ("Order No. 141," establishing Wave One procedures); ECF No. 5653 ("Order No. 151," establishing Wave Two procedures); ECF No. 6511 ("Order No. 160," establishing Wave Three procedures) (collectively, the "Wave Orders"). Among other things, each of the Wave Orders establishes a procedure by which New GM may move to dismiss plaintiffs who fail to comply with their discovery obligations pursuant to Order Nos. 25 and 108. *See* Order No. 141, ¶¶ 10(b)-(d); Order No. 151, ¶¶ 8(b)-(d); Order No. 160, ¶¶ 9(b)-(d); Order No. 167, ¶¶ 9(b)-(c). In Order No. 167, the Court inadvertently shortened the period between the time that New GM may file a notice of overdue discovery and a motion to dismiss without prejudice from two weeks to one week. *Compare* Order No. 167, ¶ 9(b)-9(c), *with, e.g.*, ECF No. 7813 (motion to dismiss without prejudice noting that, pursuant to Order Nos. 25 and 110, the plaintiff had two weeks from service of a Notice of Overdue Discovery to submit required materials).

To avoid confusion, effective immediately, all timelines established for earlier Waves shall also apply to Wave Four and Wave Pool Plaintiffs, just as they applied to Plaintiffs in the prior Waves.  In particular:

- New GM may not file a motion to dismiss for failure to comply with obligations under Order Nos. 25 and 108 unless and until the plaintiff fails to cure any defects within **fourteen days** of the filing of a notice of overdue discovery.

- Any plaintiff subject to a motion to dismiss without prejudice for failure to comply with such discovery obligations shall have **fourteen days** to oppose the motion or certify compliance, and New GM shall have **seven days** to reply.[1]

- Any plaintiff who is dismissed without prejudice for failure to comply with such discovery obligations shall have **thirty days** from the date of dismissal to move to vacate the dismissal, provided he or she submits all required documentation or otherwise contests the dismissal.

- New GM may not file a motion to dismiss with prejudice for failure to comply with such discovery obligations unless and until the plaintiff fails to move to vacate the dismissal within thirty days.

- Any Plaintiff subject to a motion to dismiss with prejudice for failure to comply with such discovery obligations shall have **fourteen days** to oppose the motion or certify compliance, and New GM shall have **seven days** to reply.

SO ORDERED.

Dated: August 10, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] For reasons that are unclear, New GM appears to interpret Order No. 167 to require plaintiffs to oppose a motion to dismiss without prejudice or certify compliance with their discovery obligations within seven days after the motion is filed.  *See* ECF No. 8088.  But Order No. 167 uses language identical to Order Nos. 151 and 160, *compare* Order No. 167, ¶ 9(c), *with* Order No. 151, ¶ 9(d), *and* Order No. 160, ¶ 9(d), which allowed plaintiffs two weeks to file an opposition, as provided by Order Nos. 25 and 110, *see, e.g.*, ECF No. 7841.