UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

~~[PROPOSED]~~ ORDER NO. 179

JESSE M. FURMAN, United States District Judge:

**[Amending the Restrictions on Use of Confidential and Highly Confidential Information]**

Defendants and Lead Counsel for plaintiffs having consented thereto, and for good cause shown, Order No. 10 Paragraph 7(a) (Docket No. 294), as amended by Order No. 103 (Docket No. 2901), is further amended to state as follows (changes in *italic*):

"Restriction on Use. Confidential and Highly Confidential must be used only in this proceeding or in any Related Litigation, except that (i) General Motors LLC shall be permitted to use such information to assist in identifying, reporting, or resolving any potential safety issue; and (ii) nothing in this Protective Order shall be construed as limiting any party from disclosing a potential safety defect to an appropriate government agency; *and (iii) General Motors LLC is permitted to produce such information in response to discovery requests received in other litigation against the company so long as the parties to whom the information is to be produced have agreed to be bound by an order entered in the separate proceeding protecting the confidentiality of the information.*"

In addition, Order No. 10 Paragraph 8 (Docket No. 294), as amended by Order No. 103 (Docket No. 2901), is further amended to state as follows (changes in *italic*):

Return of Discovery Materials. *Unless otherwise agreed to by the Producing Party,* within ninety days of the termination of any party from all proceedings in this proceeding, that party, its employees, attorneys, consultants and experts must destroy or return (at the election of the Receiving Party) all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such

documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, related to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. A Receiving Party is permitted to retain a list of the documents by Bates Number that are produced by a Producing Party under this Protective Order.

SO ORDERED.

Dated: February 17, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge